IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BARNA CONSHIPPING, S.L., | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | CV-09-0027-KD-C |
| 1,800 METRIC TONS, MORE OR LESS OF ABANDONED STEEL, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

This matter came before the Court plaintiff, Barna Conshipping, S.L.'s, "Motion to Require Offloading of Cargo" (doc. 5) wherein Plaintiff moves the Court for an order requiring the M/V SATURNUS to move to a berth at the Alabama State Docks ("ASD"), discharge the cargo which is the subject of Plaintiff's Verified Complaint and that Norton Lilly International be appointed substitute custodian for the cargo once it is discharged from the Vessel.  Upon consideration of the pleadings, and the information presented to the Court at the hearing on January 16, 2009, plaintiff's motion is granted, as follows:

(1) Plaintiff's counsel shall inquire of ASD as to the next available date whereby a berth will be available for the M/V SATURNUS to offload the steel identified in Exhibits A, B, C and D to the Verified Complaint.  Thereafter, Plaintiff will promptly provide notice of such date to the owners and operators of the M/V SATURNUS, and to the United States Marshal.

(2) The Master of the M/V SATURNUS shall at the appropriate date and time and in a timely manner weigh anchor and move the vessel to such berth at ASD as may

      be identified by the Terminal.

(3)     Upon arrival of the vessel at ASD, the cargo identified in the bills of lading (Exhibits A, B, C and D to the Verified Complaint) shall be offloaded by stevedores engaged by plaintiff onto the premises of ASD, whereafter Norton Lilly International shall take the cargo into its custody and control.

(4)     After the cargo is offloaded from the vessel, the United States Marshall shall be relieved of his duties as custodian for the cargo under arrest, and the vessel shall be free to relocate as its owners and operators see fit.

(5)     Fees and expenses charged by pilots and tugs for relocating the vessel, by Virginia International Terminals for berthing of the vessel and offloading cargo, expenses for stevedores, short shoremen, long shoremen, trucking, and storage at ASD shall all be paid in the first instances by Plaintiff, without prejudice to its right to claim such fees as expenses *custodia legis.*

DONE this the 16th day of January 2009.

                        /s/ Kristi K. Dubose
                        **KRISTI K. DuBOSE**
                        **UNITED STATES DISTRICT JUDGE**