IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BARNA CONSHIPPING, S.L., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 09-0027-KD-C |
| | ) |
| 1,800 METRIC TONS, MORE OR | ) |
| LESS, OF ABANDONED STEEL, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on Plaintiff's Motion to Strike Affirmative Defenses (Docs. 51, 52) and Defendant CMC's response in opposition (Doc. 61). Plaintiff moves to strike the following affirmative defenses set forth in CMC's Answer (Doc. 38): 1) "unclean hands" (Number Three); 2) that "Plaintiff is estopped to proceed on its Rule D claims" (Number Five); and 3) that "Plaintiff is barred from recovery by its fraud in causing the clean Ocean Bills of Lading to be issued" (Number Six). As grounds, Plaintiff contends that these affirmative defenses have not been stated with particularity as required under Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure and that CMC has failed to make a single allegation of fact to support any of the defenses and thus failed to provide Plaintiff with fair notice of the basis of the defenses being asserted.

Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." However, a motion to strike is a drastic remedy which is disfavored by the courts and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. See, e.g., Augustus v. Bd. of Public Instruction of Escambia County, Fla., 306 F.2d 862, 868 (5th Cir. 1962); Story v. Sunshine Foliage World, Inc.,

120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000); Seibel v. Society Lease, Inc., 969 F. Supp. 713, 715 (M.D. Fla. 1997); Poston v. American President Lines, Ltd., 452 F. Supp. 568, 570 (S.D. Fla. 1978). District courts have "broad discretion in disposing of motions to strike." Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976). Striking an affirmative defense is proper only when the defense is insufficient as a matter of law. Id. "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002). Under federal standards of notice pleading, it is not always necessary to allege the evidentiary facts constituting the defense; rather, the pleading need only give fair notice of the defense (so that opposing parties may respond, undertake discovery and prepare for trial). See, e.g., APR Energy, LLC v. Pakistan Power Resources, LLC, Slip Copy, 2009 WL 93061, *1 (M.D. Fla. Jan. 14, 2009). The fair notice pleading requirement is met if the defendant sufficiently articulates the defense so that the plaintiff is not a victim of unfair surprise. See, e.g., Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir. 1999). Additionally, to give fair notice of the defense, a party should identify the claim to which the defense applies. See, e.g., Byrne v. Nezhat, 261 F.3d 1075, 1129 (11th Cir. 2001) (criticizing "shotgun" pleading of affirmative defenses that do not specify the claim to which the defense is directed); Anderson v. Dist. Bd. of Trustees of Cent. Fla. Commty. College, 77 F.3d 364, 366-367 (11th Cir. 1996) (same).

Moreover, Rules 12(f)(1)-(2) provide that "[o]n motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading[,]" the court may order stricken from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Since the Federal Rules of Civil

Procedure do not permit a responsive pleading to an answer, a plaintiff has 20 days after being served with a defendant's Answer and affirmative defenses to file a motion to strike any defenses.

In this case, CMC filed its Answer and affirmative defenses on February 20, 2009. (Doc. 38). Plaintiff did not file the motion to strike until March 24, 2009. (Doc. 51). Plaintiff was required to file any motion to strike CMC's defenses no later than March 16, 2009 (20 days plus three days for such filing under Rule 6(d)). Accordingly, Plaintiff's Motion to Strike is hereby **DENIED** as untimely. See, e.g., Sakolsky v. Rubin Memorial Chapel, LLC, 2007 WL 3197530, *2 (S.D. Fla. Oct. 26, 2007).

**DONE** this the **4th** day of **May 2009.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**